# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 2 C 5067 | **DATE** | 9/2/2003 |
| **CASE TITLE** | Latina Walton vs. Experian and First North America Bank | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, we grant the motion of defendant First North America Bank to dismiss plaintiff's complaint and compel this matter to arbitration. This case is hereby terminated. This is a final and appealable order. *(11-1,2)*

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| ✓ | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

courtroom deputy's initials: TSA

date docketed: SEP -3 2003

03 SEP -8 AM 11:54 U.S. DISTRICT COURT CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LATINA WALTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 02 C 5067 |
| | ) |
| EXPERIAN and FIRST NORTH | ) Wayne R. Andersen |
| AMERICA BANK, | ) District Judge |
| | ) |
| Defendants. | ) |

DOCKETED SEP 0 9 2003

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of defendant First North American National Bank ("First North American") to dismiss plaintiff's complaint and compel arbitration. For the following reasons, the motion is granted.

## BACKGROUND

Plaintiff has filed a complaint alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681. The complaint alleges that plaintiff applied for, and was issued, a credit card to use at Circuit City stores by defendant First North American. Plaintiff alleges that defendants have been reporting derogatory and inaccurate statements and information regarding plaintiff's credit history to third parties.

First North American has moved to dismiss this action and compel arbitration. First North American claims that, under the terms and conditions of the Circuit City credit card application and agreement entered into by plaintiff, plaintiff agreed that any claim would be resolved through either non-binding mediation or binding arbitration.



The original credit card application which plaintiff signed did not contain an arbitration clause. Defendant later amended the agreement to include an arbitration provision and sent notice of the amendment to all of its cardholders. The amendment specifically states in bold letters that the agreement is being amended. It also allows the cardholder the opportunity to reject the terms of the amendment by returning the Circuit City Credit Card. If the card is returned, the cardholder can continue to pay off the account under the existing terms. There is no penalty relative to existing purchases. If the cardholder did not surrender the credit card by a certain date, he or she was deemed to have agreed to the amendments.

The arbitration provision contained in the amendment states as follows:

> ARBITRATION   Except as provided below, you and we agree that any claim that is not resolved through the nonbinding mediation process outlined above shall be resolved by binding arbitration conducted by and according to the Code of Procedure of the National Arbitration Forum in effect at the time the claim is filed. Filing fees shall be paid by the party filing a claim, and other fees will apply as stated in such Code of Procedure. All claims submitted to arbitration shall be filed either at any National Arbitration Forum office or by certified mail at P.O. Box 5091, Minneapolis, Minnesota.

## DISCUSSION

The Federal Arbitration Act establishes a federal policy favoring arbitration of disputes that requires courts to "rigorously enforce agreements to arbitrate." *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987). When parties have made an agreement to arbitrate a dispute, the party opposing arbitration bears the burden of proving that the claims at issue should not be subjected to arbitration. *Green Tree Financial Corp. v. Randolph*, 531 U.S. 79, 91-92 (2000).

Before granting a motion to compel arbitration, the court must resolve two questions:

"(1) whether the parties entered into a valid and enforceable agreement to arbitrate; and if so, (2) whether the claims arising out of the present dispute fall within the scope of the claims they agreed to arbitrate." *AT & T Techs., Inc. v. Communications Workers of Am.*, 475 U.S. 643, 649 (1986). In this case, plaintiff does not dispute the second prong of the required analysis–that the claims in her complaint fall within the scope of the arbitration agreement. We agree that the claims in plaintiff's complaint fall within the scope of the arbitration agreement. The agreement itself states that the arbitration provision "applies to any claim, dispute or controversy arising from or related either to this Agreement or the relationships that result from this Agreement." Therefore, we need only address whether the agreement is valid and enforceable.

In opposition to the motion, plaintiff essentially makes two arguments: 1) the arbitration agreement is unconscionable; and 2) sending this case to arbitration will impose an undue financial burden on plaintiff. We will address each of these arguments in turn.

I. The Arbitration Agreement is not Unconscionable

Plaintiff first argues that the arbitration agreement is unconscionable because the defendant amended the agreement to include an arbitration provision. Plaintiff argues that she had no choice whether or not to agree to the arbitration agreement because, when she signed up for the credit card, the application contained no arbitration provision. Only later did she receive the arbitration provision amendment in the mail after she was already bound.

We find that plaintiff is incorrect in stating that she, as a consumer, did not have a choice on whether to agree to the arbitration provision. The amendment specifically states in bold letters that the agreement is being amended. It also allows plaintiff the opportunity to

3

reject the terms of the amendment by returning the Circuit City Credit Card. If the card is returned, the cardholder can continue to pay off the account under the existing terms. Therefore, since plaintiff had a clear option to reject the amended terms, we find that the contract is mutual.

Plaintiff also argues that the agreement is unconscionable because the defendant is the stronger party. It is clear that mere disparity of bargaining power is not sufficient grounds to vitiate contractual obligations. *See Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 32 (1991); *Streams Sports Club, Ltd. v. Richmond,* 99 Ill.2d 182, 457 N.E.2d 1226 (1983). In this case, arbitrating as opposed to litigating this matter does not unreasonably favor either party. Moreover, there is no evidence that plaintiff's bargaining position was so inferior that she should be characterized as helpless. Plaintiff could have easily applied for other credit cards if she did not like the terms of this amended agreement. Thus, plaintiff has failed to convince us that the disparity in bargaining power renders the arbitration agreement unconscionable.

II. <u>There Is No Evidence That Arbitration Would Be Prohibitively Expensive</u>

Plaintiff next argues that forcing her to submit her claims to arbitration <u>may</u> impose an undue financial burden on her. In evaluating this argument, we note that it is the burden of the party attempting to invalidate the arbitration provision to establish that arbitration costs would be prohibitively expensive. *See Greentree Financial Corp.-Alabama v. Randolph,* 531 U.S. 79 (2000). Additionally, the determination that an arbitration provision is invalid on this ground is to be made on a case-by-case analysis. *Phillips v. Associates Home Equity Services, Inc.*, 179 F. Supp.2d 840 (N.D. Ill. 2001).

In *Phillips,* the plaintiff presented evidence that she would have to pay approximately $ 4,000 to file her claim. Additionally, the arbitrators' fees were approximately $ 1,800 per day, and there were additional fees not included in this estimate. Moreover, the plaintiff in *Phillips* provided an affidavit regarding her financial situation and her inability to pay. These facts are not present in the case before us.

In this case, plaintiff has not established her financial status and inability to meet the terms of the contract. Further, plaintiff has attached the NAF fee schedule which caps expenses and provides reduced fees to consumer claimants. Plaintiff does not outline how the costs of arbitrating will exceed $ 1,200. Plaintiff's Exhibit B specifically states that the consumer claimant will pay a filing fee ($60 for a claim between $ 15, 001 and $30,000) and $250 for the participatory hearing. This is certainly not prohibitive. Because plaintiff has not set forth her financial situation and shown how an arbitration fee in the amount of $ 310 would be prohibitive, she has not meet her burden of establishing that the agreement should be invalidated based on arbitration being prohibitively expensive. Plaintiff's speculative statement that the costs of pursuing arbitration may be prohibitive is not enough to invalidate the agreement. Therefore, we will uphold the arbitration provision.

## CONCLUSION

For the foregoing reasons, we grant the motion of defendant First North America Bank to dismiss plaintiff's complaint and compel this matter to arbitration. This case is hereby

terminated. This is a final and appealable order.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: *September 2, 2003*